185 P.3d 572 (2008)
2008 UT App 160
C.G., Petitioner and Appellant,
v.
STATE of Utah, DIVISION OF CHILD AND FAMILY SERVICES, Respondent and Appellee.
No. 20080205-CA.
Court of Appeals of Utah.
May 8, 2008.
C.G., Salt Lake City, Appellant Pro Se.
Mark L. Shurtleff, atty. gen., and John M. Peterson, asst. atty. gen., Salt Lake City, for Appellee.
Before GREENWOOD, P.J., BILLINGS and McHUGH, JJ.

MEMORANDUM DECISION
PER CURIAM:
¶ 1 C.G. appeals a juvenile court order dismissing his Amended Petition Against Substantiation in DCFS Licensing Database. This case is before the court on a sua sponte motion for summary disposition.
¶ 2 In 2006, the Division of Child and Family Services (DCFS) received a report of child abuse, neglect, or dependency regarding C.G.'s children. The report required DCFS to conduct an investigation and make a finding. After the investigation, DCFS made a "supported" finding of non-supervision. In the same investigation, DCFS made an "unsupported" finding on an allegation of domestic violence related child abuse. DCFS advised C.G. of his statutory right to challenge the "supported" finding by returning a request for an administrative hearing within thirty days. C.G. initiated the request. DCFS then conducted an internal review and advised C.G. in October 2006 that it had amended the non-supervision finding to be "unsupported" and removed his name from its licensing database. However, C.G. asserted that he had a right to a hearing on his claim that DCFS should change both of the "unsupported" findings to be "without merit."
¶ 3 On May 29, 2007, an Administrative Law Judge (ALJ) concluded that there was no legal basis to consider a challenge to an "unsupported" finding. C.G. sought judicial review in the juvenile court. The juvenile court ruled:
Utah Code § 62A-4a-1009 spells out the process for an individual to challenge a "supported" finding made by the Division. Section 62A-4a-1009 only gives individuals an opportunity to challenge "supported" findings. Section 62A-4a-1009 does not give individuals the ability to challenge "unsupported" findings. Therefore, [C.G.] has no legal basis to challenge the Division's "unsupported" finding.
¶ 4 When DCFS conducts an investigation based upon a referral, the results will be reported as "supported," "unsupported," or *573 "without merit." See Utah Admin. Code R512-201(c)(2). DCFS is required to send notice of any supported finding to the person as to whom the finding was made. See Utah Code Ann. § 62A-4a-1009(1) (2006). "A person may make a request to challenge a supported finding within 30 days of a notice being received under [the] section." Id. § 62A-4a-1009(4)(a). The Office of Administrative Hearings is required to hold an adjudicative proceeding in which DCFS has the burden to demonstrate "that child abuse, neglect, or dependency occurred and that the alleged perpetrator was substantially responsible for the abuse or neglect that occurred." Id. § 62A-4a-1009(5)(a). Before the hearing in this case, DCFS changed its finding from supported to unsupported, which reflects its determination that there was insufficient evidence to support the allegation. No statutory provision authorizes a challenge to an unsupported finding to obtain a change of the finding to without merit.
¶ 5 The ALJ concluded that the agency lacked jurisdiction to consider whether a finding should be changed from unsupported to without merit. Similarly, the juvenile court correctly determined that Utah Code section 62A-4a-1009(5)(b) did not authorize the court to consider a challenge to an unsupported finding. See id. § 62A-4a-1009(5)(b); id. § 63-46b-1(8) (2004) ("Nothing in this chapter may be interpreted to provide an independent basis for jurisdiction to review final agency action."). We affirm the dismissal by the juvenile court.